UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MISTER SOFTEE FRANCHISE, LLC** and **MISTER SOFTEE, INC.**<br><br>Plaintiffs,<br><br>v.<br><br>**WILLIAM GIANNOS and MISTER SOFTEE OF CONNECTICUT, LLC**<br><br>Defendants. | COMPLAINT<br><br>CIVIL ACTION No. 1:24-cv-02280 |

# INTRODUCTION

1. Mister Softee Franchise, LLC and Mister Softee, Inc. (collectively "Mister Softee") bring this action against former franchisee William Giannos and Misters Softee of Connecticut, LLC (collectively "Defendants") because they are infringing on Mister Softee's trademark rights and violating the non-competition covenant by operating at least six (6) ice cream trucks in Connecticut without Mister Softee's authorization. Mr. Softee also brings this action to protect the goodwill associated with its trademarks, and to protect Mr. Softee's franchisees who are being harmed because of the Defendants' unauthorized use of Mister Softee's trademarks. Specifically, Defendants are former franchisees of Mister Softee who have refused to de-identify his Mister

Softee website, and as a result, are continuing to generate business from the use of Mister Softee's trademarks and goodwill.  Further, Defendants continue to blatantly violate the non-competition covenant by continuing to operate the ice cream trucks in his former territory and the territories of other Mister Softee franchisees. The Defendants, by infringing Mister Softees' trademarks and violating the noncompete obligations, are unfairly competing with Mister Softee's franchisees, all of whom paid and continue to pay royalty fees for the right to use Mister Softee's trademarks. Despite demands that Defendants complete de-identify and stop operating the ice cream trucks in the territory covered by the non-competition covenant, Defendants continues to intentionally infringe on Mister Softee's trademarks and irreparably harm Mister Softee and its franchisees.

## THE PARTIES

2.     Plaintiff Mister Softee Franchise, LLC ("MSF" or the "Franchisor") is a New Jersey limited liability company with an address at 901 E. Clements Bridge Road, Runnemede, New Jersey, 08078. MSF is the franchisor of Mister Softee mobile ice cream truck businesses.

3.     Plaintiff Mister Softee, Inc. ("MSI") is a New Jersey corporation with an address at 901 E. Clements Bridge Road,

Runnemede, New Jersey 08078. Mister Softee owns various trademarks including the trademark "Mister Softee," the Mister Softee jingle, and the trade dress comprising the distinctive look of the Mister Softee mobile soft ice cream truck.

4. Defendant William Giannos ("Giannos") is an adult individual who is a resident and citizen of the State of Connecticut with an address at 136 Balmforth Street, Bridgeport, Connecticut 06605.

5. Mister Softee of Connecticut, LLC ("Mister Softee of Connecticut" or the "Franchisee") is a Connecticut limited liability company owned by Giannos with a principal place of business located at 136 Balmforth Street, Bridgeport, Connecticut 06605.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 in that Plaintiffs' claims against Defendants are based upon trademark and trade dress infringement under the Lanham Act, 15 U.S.C. §1051 et seq.

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that Plaintiff's amount in controversy for claims involving breach of contract and trademark infringement against Defendant exceed

the sum of the value of $75,000 and is between citizens of different States pursuant to § 28 U.S.C. 1332(a).

8.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district. Moreover, the Franchisee entered into agreements with MSF that contain a forum selection clause pursuant to Section 22.4 that designates this Court as the venue for any litigation between the parties.

## THE MISTER SOFTEE SYSTEM

9.  Mister Softee is a family owned and operated business that has been in operation since 1956. Mister Softee is the franchisor of Mister Softee mobile ice cream truck businesses that sell soft-serve ice cream, hard ice cream, frozen desserts, novelties, stick items and other products.

10. Mister Softee franchisees are licensed to use Mister Softee's trade names, service marks and trademarks and to operate under the Mister Softee business system, using specially designed mobile trucks with special equipment, equipment layouts, interior and exterior accessories, menu displays, identification schemes, products,

management programs, standards, specifications, proprietary marks and information.

## THE TRADEMARKS AND TRADE DRESS

11. MSI owns the trademarks "Mister Softee" and related logos which are registered on the Principal Register of the United States Patent and Trademark Office at Registration Nos. 2128918 and 0667335 and 0663456 (the "Mister Softee Logos"). MSI also owns and has registered a sensory mark which consists of the Mister Softee musical jingle at Registration No. 2218017 (the "Mister Softee Sonic Mark"). Additionally, MSI owns a federal trademark registration for the overall design of the Mister Softee ice cream truck, registered on the Principal Register of the United States Patent and Trademark Office at No. 2906357 (the "Mister Softee Truck Design"). MSI also created and uses the marks "Tu-Tone Cone", "Twinkletop Conehead", "Cherry Top Conehead", "Chocolate Top Conehead" and "Devil's Delight Conehead". The term "Conehead" refers to the Mister Softee cartoon logo of an ice cream cone with a smiling face and bow tie. (The Mister Softee Logos, Mister Softee Sonic Mark and Mister Softee Truck Design are collectively referred to as the "Mister Softee Marks").

12. MSI also owns the trade secrets in how to make and sell its products (the "Trade Secrets").

13. Only authorized licensees are permitted to use MSI's federally registered trademarks, trade dress and proprietary business system, including Trade Secrets.

14. Since 1956, Mister Softee and its franchisees have continuously used and advertised the Mister Softee trademarks, trade names, trade dress and musical jingle throughout the region. Mister Softee's trademarks, trade names, trade dress and musical jingle distinguish its business and its franchises from similar businesses and are widely known and recognized by consumers. Mister Softee first began using its marks and trade dress in 1956 and first registered some of the above marks in 1958. The Mister Softee musical jingle was composed in 1960.

**THE DISTINCTIVE NATURE OF MISTER SOFTEE TRUCKS**

15. Mister Softee trucks are inherently distinctive in appearance (the "Mister Softee Truck"). The design and appearance of the Mister Softee Truck is not arbitrary and nonfunctional.

16. When MSF enters into a franchise agreement with each new franchisee, Mister Softee requires the new franchisee to operate a

truck painted in Mister Softee's blue and white color scheme and displaying Mister Softee's Marks which come as a decal pack that includes the above-referenced elements. The franchisee must also purchase and use in his truck a music box that plays the Mister Softee Sonic Mark.

17. Each of these elements make an authentic Mister Softee Truck unique and distinctly identifiable to the consuming public as a Mister Softee mobile ice cream business.

18. Mister Softee Trucks solicit business by traveling through various neighborhoods and playing the Mister Softee Sonic Mark. Mister Softee's customer base predominately comprises young children who identify the Mister Softee Sonic Mark as an indication the ice cream truck is an authorized Mister Softee franchisee.

## THE FRANCHISE AGREEMENTS

19. MSF bring this action against Defendants pursuant to the eight (8) Franchise Agreements entered into with MSF with the following dates of execution: June 4, 2009, June 4, 2009, May 28, 2010, July 26, 2011, April 13, 2012, August 27, 2014, April 21, 2015, and September 3, 2015, respectively (collectively, the "Franchise Agreements"). Attached hereto as Exhibit "A" is a true, correct, and complete copy of a

Franchise Agreement.

20. Defendant Giannos executed the Franchise Agreements on behalf of Defendant Mister Softee of Connecticut LLC as the Franchisee.

21. Contemporaneous with the execution of the Franchise Agreements, Giannos executed a personal guaranty attached to the Franchise Agreements (the "Guaranty"), pursuant to which Giannos agreed to personally guarantee, and be personally bound by, Mister Softee of Connecticut LLC's contractual obligations under the Franchise Agreements, including, but not limited to, the noncompete clause and obligation to pay agreed to royalty or fee payments to MSF.

## DEFENDANTS' DEFAULTS

22. On November 29, 2022, Franchisor sent the First Notice of Default of Franchisee Agreement to Defendants regarding their default of Sections 4.2 and 18.4.2 of the Franchise Agreements because (i) Franchisee had not paid their royalties, parts, and repair fees, and truck renewal fees to Franchisor in the total amount of $40,395.91, and (ii) Franchisee had not signed and return four Franchise Agreements for the renewal of trucks #N337, #N130, #N314, and #N155.

23. Franchisee remitted a partial payment to MSF in December 2022 in the amount of $16,750, but still owed an outstanding balance of

$27,358.05.

24. On January 6, 2023, Franchisor sent the Second Notice of Default and Termination of Franchise Agreement to Defendants regarding their continued default of Sections 4.2 and 18.4.2 of the Franchise Agreements. Pursuant to the terms and condition of the Franchise Agreement and in accordance with Connecticut General Statutes § 41-133f, Franchisor exercised its right to terminate the Franchisee by providing a cure period of sixty (60) days, at which point the Franchise Agreements would terminate on the sixty-first day from the date of the letter.

25. Franchisee and Giannos did not respond, or otherwise attempt to cure the defaults. As such, the Franchise Agreements were automatically terminated.

26. Pursuant to Section 9 of the Franchise Agreements, Defendants are also responsible for paying all attorney's fees, court costs and litigation expenses that Mister Softee incurs in the event of Defendants' breach of their material obligations under the Franchise Agreements and Mister Softee engages an attorney to enforce its rights.

27. As of the date of this Complaint, Defendants continue to infringe on Mister Softee's trademarks without authorization and operate their business in breach of the non-competition covenant.

## TRADEMARK INFRINGMENT

28. Pursuant to Section 12.6 of the Franchise Agreement, any use of the Proprietary Marks is limited to such uses as are authorized under the Agreement and any unauthorized use thereof shall constitute an infringement of Mister Softee's rights.

29. Defendants have failed to cease use of the Proprietary Marks.

30. As depicted below, the website mistersofteesouthct.com features the name, photographs, and contact information. The website advertises "Mister Softee trucks are available for company picnics, fairs, and birthday parties. There is no better treat…than free ice cream from the nostalgic Mister Softee truck…" Further, the services are advertised for the Franchisees' former territory of Greenwich, Stamford, Norwalk, Westport, New Cannan, Darien, and Fairfield Counties.



31. As depicted below, the Instagram Page "mistersofteect" is

still up and running with photographs of ice cream, advertisements, and the Mister Softee trucks.



## **BREACH OF NON-COMPETITION COVENANT**

32. Pursuant to 16.2 of the Franchise Agreement, Defendants agreed:

> For a two (2) year period following the expiration or termination of your interest in this Agreement, neither you nor your immediate family members, nor your partners, shareholders or members, nor their immediate family members, as applicable, shall directly or indirectly, for themselves or through, on behalf, or in conjunction with any other person, partnership, corporation, limited liability company; or other entity, own, maintain, engage in, be employed by, lend money to, extend credit to, or have any interest in any other business which operates or licenses business featuring primarily the sale of ice cream or other frozen confections with the former Territory or within any System franchisees' territory.

33. MSF has learned that Defendants continue to operate the

business featuring primarily the sale of ice cream or other frozen confections within the former territory and within other franchisees' territories following the termination of the Franchise Agreement.

34.     Pursuant to Section 19 of the Franchise Agreement, upon termination of the Franchise Agreements, Defendants agreed to the following terms: (1) cease using the Proprietary Marks, Copyrights, and Confidential Information; (2) pay MSF all unpaid fees and pay Mister Softee and its affiliates all other monies owed; (3) return to Mister Softee the Operations Manual and all other material containing Confidential Information or reflecting the Propriety Marks and Copyrights; (4) remove all Proprietary Marks and copyrights from the ice cream trucks and provide MSF with satisfactory evidence that these items have been removed; (5) take all necessary action to amend or cancel any assumed named, business name or equivalent registration containing any of the Proprietary Marks and provide Mister Softee evidence of compliance with this obligation within thirty (30) days; (6) permit MSF to make final inspection of the financial records, book, and other accounting records within six (6) months of the effective date of termination, expiration, or transfer; (7) comply with the post-termination covenants set forth in Section 16 hereof, all of which shall survive the transfer, termination, or

expiration of the Franchise Agreement; and (8) irrevocably appoint MSF as your attorney-in-fact to execute in your name and on your behalf all documents necessary to discontinue the use of the Proprietary Marks and Confidential Information.

35. Defendants have ignored Mister Softee's demands, have no intention of comply with the post-termination obligations under the Franchise Agreement and continue to unlawfully use Mister Softee's trademarks in the operation of the competitive ice cream trucks business.

## COUNT ONE
## Trademark Infringement, Unfair Competition, and Misappropriation of Trade Secrets
## (MSI v. William Giannos and Mister Softee of Connecticut, LLC)

36. MSI incorporates the foregoing averments as if fully set forth herein.

37. Defendants have utilized and benefited from the Mister Softee Marks and Trade Secrets in the operation of their business without Mister Softee's permission and with the knowledge that Mister Softee has not consented to use of the Proprietary Marks or Trade Secrets.

38. Defendants willfully intended to trade on Mister Softee's reputation and cause dilution of the Marks and Trade Secrets.

39. Defendants are guilty of trademark infringement pursuant to the Lanham Act, 15 U.S.C. §1051, et seq. Defendants' use of the

Marks constitutes a false designation of origin and is likely to cause confusion, mistake or deception as to his being affiliated, connected or associated with MSI in violation of 15 U.S.C. §1125(a). Defendants' conduct is also a violation of the common law of unfair competition and is an unfair trade practice under common law.

40. Defendants' continued operation of their business also causes dilution of MSI's famous marks in violation of 15 U.S.C. §1125(c).

41. Defendants' continued operation, as set forth above, has caused and will cause MSF and MSI irreparable injury in that customers are being deceived by Defendants, as a result of Defendants selling ice cream related products from website displaying the Mister Softee Marks unlawfully identified as a Mister Softee Franchise; business will be diverted from Mister Softee; Mister Softee's Marks will be diluted and taken from Mister Softee's control; and MSF and MSI will lose profits and revenues which, because of Defendants' conduct, cannot be readily calculated.

42. Additionally, because Defendants are no longer affiliated with the Mister Softee brand, MFS and MSI have no ability to ensure that Defendants are storing and dispensing their products in compliance

with applicable health standards and laws. As a result, customers may become ill if the food and beverages are not properly stored and dispensed.

43. MSI have no adequate remedy at law because MSI cannot be adequately compensated for the deprivation and dilution of the consumer recognition and goodwill built up under Mister Softees Marks because of Defendants' conduct.

44. MSI's immediate and irreparable harm will continue unless Defendants are enjoined from continuing to use of the Mister Softee Marks.

**WHEREFORE**, Mister Softee, Inc. demands judgment in their favor and against the Defendants as follows:

a. A preliminary and permanent injunction enjoining Defendants and their agents, employees, entities, and any person acting in concert with them from using the Mister Softee Marks or any colorable imitation in any way whatsoever;

b. An accounting of and judgment for the profit to which Mister Softee may be entitled;

c. Treble damages pursuant to 15 U.S.C. § 1117;

d. An order requiring Defendants to deliver and/or destroy all

       labels, signs, prints, packages, wrappers, receptacles, and advertisement in their possession bearing the word and/or symbol that is the subject of the trademark or trade name violation or any reproduction counterfeit, copy, or colorable imitate thereof, and all plates, molds, matrices, and other means of making the same pursuant to 15 U.S.C. § 1118;

e. Punitive Damages;

f. Attorneys' fees and costs incurred in bringing this action; and

g. Such further relief as this Court deems just and proper.

## COUNT TWO
### Breach of Contract – Violation of Post-Termination Non-Compete
### (MSF v. William Giannos and Mister Softee of Connecticut, LLC)

45. Mister Softee incorporates by reference the averments set forth in the above paragraphs 1 through 44 as though the same were set forth at length herein.

46. Defendants' Franchise Agreements were terminated on March 7, 2023, pursuant to the Notice of Termination.

47. Defendants continue to engage in the business of selling ice cream or other frozen confections in his former territory and the territory of other Mister Softee franchisees (the "Competitive Business").

48. Defendants' operation of the Competitive Business is in direct violation of the non-competition provisions of Section 16.2 of the Franchise Agreements.

49. Defendants have breached the Franchise Agreements by failing to comply with the post-term noncompete obligations set forth in Section 16.2 of the Franchise Agreements.

50. Mister Softee has no adequate remedy at law in that the damages as set forth above, including the misappropriation and theft of its proprietary business system, Confidential Information and Proprietary Materials, and the consequential injury to consumer goodwill, cannot be compensated in monetary damages. The damages sustained by Mister Softee because of the loss of its goodwill and the potential deception and harm to the consuming public cannot be ascertained nor can such harm be compensated for in monetary damages.

51. As a direct and proximate result, Mister Softee has suffered and continues to suffer damage to its business, reputation, and goodwill due to Defendants' operation of their Competitive Businesses.

52. Mister Softee's immediate and irreparable harm will increase unless and until Defendants are enjoined from violating their

post-termination obligations and otherwise competing unfairly with Mister Softee.

53. A preliminary and permanent injunction is the only method by which Mister Softee can prevent the further usurpation of its business system and trade secrets.

**WHEREFORE**, Mister Softee Franchise LLC demand judgment in their favor and against William Giannos and Mister Softee of Connecticut, LLC as follows:

    a.    That Defendants be preliminarily and permanently enjoined and restrained from operating any competitive business selling ice cream products or frozen confections, or from directly or indirectly, being connected with the ownership, management, operation, control or conduct of a competitive business selling ice cream products or frozen confections located within his former territory as outlined in the Franchise Agreements and any other territory assigned to a Mister Softee franchisee for a period of two years from the date of his compliance with this Court's Order,

    b.    Attorney's fees and costs incurred in bringing this action;

    c.    Such further relief as this Court deems just and proper.

                                                                                  Respectfully submitted,

                                                                                **FISHER ZUCKER LLC**

Dated: March 8, 2024                     <u> */s/ Christopher B. Alexander*</u>
                                                                              Christopher B. Alexander
                                                                              Frank A. Reino
                                                                              *Attorneys for Plaintiffs*