[Docket No. 8]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

MISTER SOFTEE FRANCHISE LLC,
and MISTER SOFTEE, INC.,

    Plaintiffs,

v.

WILLIAM GIANNOS and MISTER
SOFTEE OF CONNECTICUT LLC

    Defendants.

Civil No. 24-2280 (RMB-AMD)

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge**

    The twinkling music-box jingle broadcast from a Mister Softee[1] ice cream truck is irresistible. Its nostalgic carnival-like melody sparks delight for neighborhood children (and adults) who rush to its window for a cold, soft, sweet, treat to enjoy on a hot summer's day. Sometimes, however, this all-American scene is not actually endorsed by Mister Softee. For years, unauthorized and imitation Mister Softee ice cream trucks have flooded the market seeking to capitalize on the success of the celebrated soft-serve ice cream franchisor. *See* Corey Kilgannon, *Follow That Truck! Mister Softee Shows Hard Side*, N.Y. TIMES (Aug. 29, 2005), https://www.nytimes.com/2005/08/29/nyregion/follow-that-truck-mister-softee-

---

[1] The Court refers to Plaintiffs Mister Softee, Inc. and Mister Softee Franchise, LLC, together as "Mister Softee" or "Plaintiffs."

shows-hard-side.html (last visited December 12, 2024). Accordingly, Mister Softee has served not so soft justice against unlicensed imitators in court to enforce its federally protected trademarks. Dan Stamm, *Ice Cream Wars: Mr. Softee Dishes Out Injunction Against Knockoff Trucks*, NBC 10 PHILA. (June 11, 2014), https://www.nbcphiladelphia.com/news/local/mister-softee-ice-cream-trademark-battle/151695/ (last visited December 12, 2024).

In this case, Mister Softee has sued a former Connecticut-based franchisee and its owner (together, "Defendants") for trademark infringement and breach of contract for continuing to operate Mister Softee ice cream trucks long after Mister Softee had terminated Defendants' operating license. Defendants have failed to appear before this Court to defend the allegations. Mister Softee has accordingly moved for default judgment pursuant to Federal Rule of Civil Procedure 55 seeking a permanent injunction against Defendants as well as attorney's fees, costs, and expenses. [Docket No. 8 (the "Motion").] The Motion will be **GRANTED**.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Mister Softee licenses use of its federally registered trademarks, trade names, and trade dress to franchisees pursuant to franchise agreements. [Docket No. 1 ("Compl.") ¶¶ 10–11; Docket No. 4 (registered trademark form).] Mister Softee entered into eight franchise agreements with Defendants between 2009 and 2015 to operate ice cream trucks under the Mister Softee brand in the state of Connecticut. [Compl. ¶ 19; Compl., Ex. A ("Franchise Agreements").] The Franchise Agreements contain a non-compete clause under which Defendants agreed not to engage in "the

sale of ice cream or other frozen confections" in any Mister Softee franchisee territory for two years following expiration or termination of the Franchise Agreements. [Compl. ¶ 32; Franchise Agreements § 16.2.]

In 2022, Mister Softee sent Defendants a notice of default for failing to pay over $40,000 in royalties and truck repair/renewal fees due under the terms of the Franchise Agreements. [Compl. ¶ 22; Franchise Agreements §§ 4, 18.] Defendants made a partial payment to Mister Softee, but still owed an outstanding balance of $27,358.05. [Compl. ¶ 23.] Mister Softee sent a second notice of default informing Defendants that it would terminate the Franchise Agreements if Defendants failed to cure their default within 60 days. [*Id.* ¶ 24.] Defendants did not respond or otherwise cure their defaults and, accordingly, Mister Softee terminated the Franchise Agreements. [*Id.* ¶ 25.]

Despite termination of the Franchise Agreements and the Agreements' post-termination non-compete clauses, Defendants have continued to operate unauthorized Mister Softee trucks in Connecticut. [*Id.* ¶¶ 29–35.] They also continued to operate a website and Instagram page purporting to be affiliated with and authorized by Mister Softee.[2] Accordingly, Mister Softee filed this lawsuit for trademark infringement under the Lanham Act, 15 U.S.C. § 1125(c) (Count I), and breach of contract of the post-termination non-compete clauses (Count II).

---

[2] The website, mistersofteesouthct.com remains active. *See* MISTER SOFTEE SOUTH CT, https://www.mistersofteesouthct.com/ (last visited December 12, 2024). The Instagram page (@mistersofteect) appears to no longer remain active.

Defendants failed to respond to the Complaint after being served with process. [Docket Nos. 5–6 (affidavits of service).] Mister Softee requested an entry of default against Defendants which the Clerk of Court granted. [Docket No. 7 and Docket Entry of June 20, 2024.] Mister Softee moved for default judgment seeking a permanent injunction against Defendants. It also seeks to recover attorney's fees and costs pursuant to Section 9 of the Franchise Agreement and the Lanham Act, 15 U.S.C. § 1117(a), [*see* Franchise Agreements § 9]. Defendants have not moved to vacate the default and have not appeared to oppose the Motion.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes entry of a default judgment "against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Once the Clerk of Court completes the ministerial task of entering a party's default, the Court may consider a motion for default judgment. To determine if default judgment is appropriate, the Court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the [c]omplaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015) (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp.2d 532, 535–36 (D.N.J. 2008)). The Court must also consider three additional factors to determine whether default judgment

4

should be granted: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citation omitted).

Mister Softee also requests a permanent injunction against Defendants. Before the Court can issue a permanent injunction, it must consider whether "(1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest." *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001) (citation omitted).

## III.  ANALYSIS

### A.  Jurisdiction and Service of Process

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this case raises a federal question under the Lanham Act. *See* 15 U.S.C. § 1125. The Court has supplemental jurisdiction over the state law breach of contract claim pursuant to 28 U.S.C. § 1367. The Court also has personal jurisdiction over the parties because they agreed in the Franchise Agreements to a forum selection clause designating the state and federal courts of New Jersey as the proper forum to resolve any disputes arising out of the Franchise Agreements. [Franchise Agreements § 22.4; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 (1985) (personal jurisdiction waivable where parties have "stipulate[d] in advance to submit their controversies for resolution within

5

a particular jurisdiction"); *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 201 (3d Cir. 1983) (forum selection clause presumptively valid and enforceable unless objecting party demonstrates it is the result of fraud, it violates a strong public policy of the forum state, or enforcement would be unreasonable under the circumstances).] The Court finds that Mister Softee properly effected service of process on Defendants. [Docket Nos. 5–6.]

### B.   Sufficiency of Plaintiffs' Causes of Action

The Court finds that Mister Softee's trademark infringement and breach of contract claims have been sufficiently established to warrant default judgment. The Court accepts the Complaint's well-pleaded factual allegations as true. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

#### 1.   *Trademark Infringement*

To sustain a trademark infringement claim, a plaintiff must show that "(1) the mark is valid and legally protectable; (2) the mark is owned by the plaintiff; and (3) the defendant's use of the mark to identify goods or services is likely to create confusion concerning the origin of the goods or services." *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 472 (3d Cir. 1994). If a trademark has been federally registered, it becomes "incontestable," meaning that its "validity, legal protectability, and ownership" have been proven as a matter of law. *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 291 (3d Cir. 1991) (citation omitted). Mister Softee has established

that its trademarks are federally registered. [Docket No. 4 (registered trademark form).]

Defendants' continued unauthorized use of Mister Softee's trademarks will likely create confusion. *Mister Softee, Inc. v. Omar*, 2023 WL 6619637, at *3 (D.N.J. Oct. 11, 2023) (granting motion for default judgment against defendants infringing on Mister Softee trademarks and breaching Franchise Agreement obligations). As the Third Circuit has noted, "there is a great likelihood of confusion when an infringer uses the exact trademark" as the plaintiff. *S&R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 375 (3d Cir. 1992) (citation omitted). Here, "Defendant[s] [are] operating [] ice cream truck[s] that could easily be mistaken for a Mister Softee ice cream truck." *Mister Softee, Inc. v. Espinosa-Camacho*, 2013 WL 4774510, at *1 (D.N.J. Sept. 4, 2013) (granting motion for default judgment against defendants infringing on Mister Softee trademarks and breaching Franchise Agreement obligations); *S&R Corp.*, 968 F.2d at 375; [*see also* Comp. ¶¶ 29–44]. "As such, [Defendants'] use of the trademark will likely cause customer confusion about Defendant's affiliation with [Mister Softee]." *Omar*, 2023 WL 6619637, at *3 (similarly finding that unauthorized use of Mister Softee trademark would cause customer confusion). Thus, the Court finds Defendants liable for trademark infringement.

### 2. *Breach of Contract*

Accepting the allegations in the Complaint as true, Defendants violated the non-compete clauses of the Franchise Agreements by continuing to sell ice cream in

Connecticut following Mister Softee's termination of the Franchise Agreements. [Compl. ¶ 47; Franchise Agreements § 16.2.] Non-compete clauses are enforceable, but because they "operate in derogation of free competition and the individual's right to exploit his skills and labor," they must be closely scrutinized for reasonability. *HR Staffing Consultants, LLC v. Butts*, 2015 WL 3492609, at *8 (D.N.J. June 2, 2015), *aff'd*, 627 F. App'x 168 (3d Cir. 2015) (*first* citing *Solari Indus., Inc. v. Malady*, 264 A.2d 53 (N.J. 1970), *then* citing *Whitmyer Bros. v. Doyle*, 274 A.2d 577 (N.J. 1971)). A non-compete clause is reasonable if it "(1) protects the legitimate interests of the employer, (2) imposes no undue hardship on the employee, and (3) is not injurious to the public." *HR Staffing Consultants, LLC*, 2015 WL 3492609, at *8 (quoting *Karlin v. Weinberg*, 390 A.2d 1161, 1166 (N.J. 1978)).

  The Court finds the non-compete clauses to be reasonable. As in *Omar*—another default judgment case involving the same Mister Softee Franchise Agreements—the non-compete clauses implicate a legitimate business interest by affording Mister Softee time to find a new franchisee to operate in Defendants' former territory. *Omar*, 2023 WL 6619637, at *4. The non-compete clauses do not impose undue hardship on Defendants because they are narrow in both temporal scope (lasting only for two years following termination) and geographic scope (once the two-year period expires, Defendants may compete with Mister Softee anywhere). *Id.* (upholding identical restrictions). And the non-compete clauses are not injurious to the public; their purpose is merely to permit Mister Softee to locate a new franchisee for the Defendants' territory who will continue servicing Mister Softee's customers in

8

Connecticut. *Id*.; [Docket No. 8-1 at 12]. The Court thus finds Defendants liable on the breach of contract count.

### C.    The Default Judgment Factors

The Court finds all three default judgment factors—prejudice to the plaintiff, whether the defendant appears to have a litigable defense, and whether the defendant's delay was due to culpable conduct—satisfied. *Chamberlain*, 210 F.3d at 164. First, Mister Softee would be prejudiced absent default judgment. Defendants continue to operate under the Mister Softee trademark without a valid license to do so and in defiance of a reasonable non-compete clause. *Omar*, 2023 WL 6619637, at *3; *Espinosa-Camacho*, 2013 WL 4774510, at *1. Second, Defendants do not appear to have a litigable defense because Plaintiffs have established that Defendants have infringed on their marks and defied a reasonable non-compete clause following termination of the Franchise Agreements. Finally, the Court finds Defendants' delay culpable. Indeed, there is a presumption of culpability where a defendant has failed to answer. *See Espinosa-Camacho*, 2013 WL 4774510, at *1 (citing *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011)). Thus, the Court finds all three default judgment factors satisfied. *Omar*, 2023 WL 6619637, at *3 (all three default judgment factors satisfied); *Espinosa-Camacho*, 2013 WL 4774510, at *1 (same).

### D.    Permanent Injunction

The Court will enter a permanent injunction against Defendants. First, Plaintiffs have established actual success on the merits. Second, and in addition to the fact that courts have held that trademark injuries are irreparable as a matter of law, *S&R Corp.*, 968 F.2d at 378 (citation omitted), "[i]rreparable injury can also be based on the possibility of confusion" between marks, *id*. As the Court has already found, Defendants are operating ice cream trucks "that could easily be mistaken for a Mister Softee ice cream truck." *Espinosa-Camacho*, 2013 WL 4774510, at *2. Additionally, Mister Softee will be irreparably "harmed by its inability to control the quality of the products sold by Defendant[s]" under [its] trademark. *Omar*, 2023 WL 6619637, at *5. Third, a permanent injunction will not result in greater harm to Defendants because "[t]he harm stemming from [Defendants'] continued use of Plaintiffs' trademark without Plaintiffs' permission far outweighs any harm from a permanent injunction." *Id*. Finally, an injunction would be in the public interest. "In a trademark case, the public interest is 'most often a synonym for the right of the public not to be deceived or confused." *S&R Corp.*, 968 F.2d at 378 (quoting *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 197 (3d Cir. 1990)). Where, as here, "a likelihood of confusion arises out of the concurrent use of a trademark, the infringer's use damages the public interest." *S&R Corp.*, 968 F.2d at 379. Thus, a permanent injunction against Defendants is appropriate. *Omar*, 2023 WL 6619637, at *5 (granting permanent injunction); *Espinosa-Camacho*, 2013 WL 4774510, at *2 (same).

### E.     Damages and Fees

Mister Softee requests no damages in this case. [Docket No. 9 (proposed order).] In addition to the entry of a permanent injunction against Defendants, it seeks only recovery of reasonable attorney's fees and costs pursuant to the Franchise Agreements and/or under 15 U.S.C. § 1117(a), which authorizes an award of fees and costs in a trademark action if the defendant's infringement was "exceptional," such as where the infringement was knowing or willful. The Court finds that the infringement here was both knowing and willful. *Omar*, 2023 WL 6619637, at *5 (finding infringement to be knowing and willful); *Espinosa-Camacho*, 2013 WL 4774510, at *2 (same). Accordingly, an award of attorney's fees and costs is warranted in this case. Counsel for Mister Softee will be directed to submit a certification outlining the fees and costs incurred in bringing this action pursuant to Local Civil Rules 54.1 and 54.2.

### IV.    CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiffs' Motion. An appropriate Order will follow.

**December 16, 2024**                                              **s/ Renée Marie Bumb**
Date                                                                                RENÉE MARIE BUMB
                                                                                         Chief United States District Judge