[Docket No. 12]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| MISTER SOFTEE FRANCHISE LLC, and MISTER SOFTEE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM GIANNOS and MISTER SOFTEE OF CONNECTICUT LLC <br><br> Defendants. | Civil No. 24-2280 (RMB-AMD) <br><br> **MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon the Certification of Frank A. Reino, [Docket No. 12 ("Reino Certif.")], in support of Plaintiffs Mister Softee Franchise LLC and Mister Softee Inc.'s ("Plaintiffs") application for an award of attorneys' fees and costs. On December 16, 2024, this Court granted Plaintiffs' Motion for Default Judgment and entered a permanent injunction against the Defendants, William Giannos and Mister Softee of Connecticut LLC ("Defendants"). [Docket No. 10 ("Op.").] The Court found an award of attorney's fees and costs warranted under 15 U.S.C. § 1117(a) because Defendants' infringement of Plaintiffs' trademarks was "exceptional" within the meaning of the statute. [Op. at 11.] Accordingly, the Court directed Plaintiffs to submit the instant application for an award of fees and costs. Having considered the fee application and exhibits thereto and,

**IT APPEARING THAT** 15 U.S.C. § 1117(a) permits an award of attorney's fees and costs in "exceptional cases," including where the Court has made a finding that trademark infringement knowing or willful, *see Ferrero U.S.A., Inc. v. Ozak Trading, Inc.*, 952 F.2d 44, 47 (3d Cir.1991) (citing 15 U.S.C. § 1117(a));

**IT APPEARING THAT** the Court, in granting default judgment, found Defendants' infringement exceptional because it was both knowing and willful, [Op. at 10; *E.A. Sween Co. v. Deli Exp. of Tenafly, LLC*, 19 F. Supp. 3d 560, 578 (D.N.J. 2014) (entering default judgment against Defendant and awarding costs and fees under 15 U.S.C. § 1117(a) for "exceptional" case because infringement was knowing and willful)];

**IT APPEARING THAT** the $8,163.50 in fees requested in this case are reasonable. "The starting point for determining any reasonable fee is to calculate a 'lodestar' amount; that is, the number of hours reasonably expended multiplied by a reasonable hourly rate." *Blakey v. Cont'l Airlines, Inc.*, 2 F.Supp.2d 598, 602 (D.N.J. 1998). "When calculating the lodestar amount, courts conduct a three-step inquiry: (i) decide a reasonable hourly rate, and multiply that rate by (ii) the number of hours the attorney reasonably expended, and (iii) alter the total amount, if necessary." *Fruit Flowers, LLC v. Jammala, LLC*, 2016 WL 1553725, at *1 (D.N.J. Jan. 6, 2016), *report and recommendation adopted*, 2016 WL 1464651 (D.N.J. Apr. 14, 2016) (citing *J&J Snack Foods*, 2003 WL 21051711, at *6 (D.N.J. May 9, 2003)).

**IT APPEARING THAT** Counsel has submitted sufficient evidence to establish the reasonableness of the requested hourly rates for purposes of the lodestar calculation. [Reino Certif. ¶ 10 (collecting cases finding that attorneys' fees to plaintiff in franchise dispute at hourly rates of up to $600 for the partner and a range of $115 to $440 for associates were reasonable).] "Moreover, because Defendants have submitted no affidavits or other evidence contesting Counsel's *prima facie* showing, the Court will grant the requested amounts", *Fruit Flowers*, 2016 WL 1553725, at *1;

**IT APPEARING THAT** Counsel reasonably expended their time while working on this case. "The time spent by the attorneys and staff on this case was not excessive, duplicative or unreasonable and that the fees charged by counsel are of the duration and nature customarily charged for comparable legal services," *id*.; and it finally

**IT APPEARING THAT** prevailing plaintiffs may recover the "costs of the action" under the Lanham Act. 15 U.S.C. § 1117(a). The Court finds the requested $1,335.00 in costs incurred are reasonably related to this litigation, and were properly documented, *id.*;

Accordingly, and for good cause shown:

**IT IS**, on this **24th** day of **February**, **2025**, hereby:

**ORDERED** that Plaintiff's application for an award of attorneys' fees and expenses is **GRANTED**; Counsel shall be awarded $8,163.50 in fees and $1,335.00 in costs.

*s/*__Renée Marie Bumb__
RENÉE MARIE BUMB
Chief United States District Judge
